UNITED SATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ROBERT O. WHITAKER

    Plaintiffs,

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## COMPLAINT

Robert O. Whitaker, through counsel, sues the Defendant, UNITED STATES OF AMERICA, and states as follows:

### JURISDICTION AND VENUE

1. This is a medical malpractice action pursuant to the Federal Torts Claims Act therefore this Court has both subject matter and personal jurisdiction pursuant to 28 U.S.C. §1346(b).

2. The medical malpractice that is the subject matter of this Complaint occurred at the Veterans Administration Healthcare Facility in Miami-Dade County, Florida.

3. Venue is appropriate in this Court because the incident and injuries at issue occurred in the Southern District of Florida.

4. All conditions precedent to this matter have been met, including the filing of timely Standard Form 95 stating a sum certain with notice to the United States

Department of Justice.

5. Plaintiff, Robert O. Whitaker, served his S.F. 95 on January 20, 2017. The claim was received by the United States Department of Veterans Affairs, Office of the Chief Counsel on January 23, 2017. (A copy of the Plaintiff's S.F. 95 is attached hereto as Exhibit A. The V.A.'s response is attached as Exhibit B.)

6. More than six months have elapsed and the United States has not responded to the claim.

## IDENTIFICATION OF PARTIES

7. At all times material, the Plaintiff Robert O. Whitaker was a resident of Lake Placid, Florida and a veteran of the United States Army. Mr. Whitaker received an honorable discharge in 1974.

8. At all times material, the medical staff responsible for the alleged negligence were full time employees of the Veterans Administration. These individuals include, but are not limited to:

   a. Juan Carlos Diaz, R.N.;

   b. Helen E. Ferreira, RN;

   c. Kemel Rodriguez;

   d. Kathleen Schuster;

   e. Joshua Livingston, M.D.; and,

   f. John David Pitcher, Jr. M.D.

9. The Veterans Administration is vicariously liable for the negligent actions of its employees, agents and/or apparent agents.

**Facts Giving Rise to Cause of Action**

10. At all times material, the United States held the Veterans Administration and its employees and agents out to the public in general and the Plaintiff in particular as qualified to render medical care and services in accordance with the standard of care prevailing in South Florida or any other community.

11. On or about February 3, 2016, Plaintiff underwent a right hemipelvectomy with custom-made prosthesis at the Miami VA located in Miami-Dade County, Florida. The operation lasted over six hours.

12. During the operation, the surgical staff utilized a Bair Hugger blanket to help maintain Plaintiff's core temperature. However, the surgical team improperly set the temperature setting too high and further failed to appropriately monitor Plaintiff's skin to ensure that the Bair Hugger blanket was not burning Plaintiff's skin.

13. As a result of the Defendant's negligence Plaintiff suffered third degree burns to his lower extremity.

14. While those burns were being treated on February 19, 2016, the V.A. staff negligently attempted to transfer Mr. Whittaker causing him to suffer a dislocation of his right hip prosthetic, which ultimately required an open reduction on February 23, 2016.

**COUNT I**

**CLAIM AGAINST DEFENDANT UNITED STATES OF AMERICA**

15. The Plaintiff realleges the allegations contained in paragraphs 1 through 14 above and further allege:

16. The United States, through its employees and/or agents, including but not limited to:

    a. Juan Carlos Diaz, R.N.;

      b.  Helen E. Ferreira, RN;

      c.  Kemel Rodriguez;

      d.  Kathleen Schuster

      e.  Joshua Livingston, M.D.; and

      f.  John David Pitcher, Jr. M.D.

had a duty to treat Mr. Whitaker within the prevailing standard of care for medical providers who performed these types of operations.

17.    Notwithstanding this duty, the Defendant breached that duty by one or more of the following acts of omission or commission:

      a.  Negligently setting the temperature of the Bair Hugger blanket at the highest temperature;

      b.  Negligently failing to monitor Mr. Whitaker's skin to ensure that he was not sustaining any damage, including burns to his skin;

      c.  Negligently failing to recognize that the Bair Hugger blanket was burning Mr. Whitaker and allowing the burns to evolve into third degree burns;

      d.  Negligently transferring Mr. Whittaker, which caused a dislocation of the hip.

18.    As a direct and proximate result of the foregoing negligent acts, Plaintiff sustained injuries and damages, including permanent scarring and has in the past and will continue to suffer in the future, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, and medical expenses.

WHEREFORE, Plaintiff, demands judgment for damages and costs against the Defendant.

Dated:  October 23, 2017.

                                              Respectfully submitted,

                                              Manuel L. Dobrinsky, Esq.
                                              DOLAN DOBRINSKY & ROSENBLUM LLP
                                              2665 S. Bayshore Drive, Suite 609
                                              Miami, Florida 33133
                                              Tel. (305) 371-2692
                                              Email: MDobrinsky@DDRLawyers.com
                                                          DDalmau@DDRLawyers.com

                                          By: _____
                                                Manuel L. Dobrinsky
                                                FBN: 775525

# EXHIBIT A

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Veteran's Administration C/O Catherine Mitrano Office of General Counsel 140 Fountain Parkway, Suite 520, St. Petersburg, Fl. 33176 | Robert O. Whitaker C/O Manuel L Dobrinsky Dolan Dobrinsky Rosenblum, LLP 2665 South Bayshore Drive, Miami, Fl. 33133 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 12/05/1952 | Married | 02/03/2016    2/19/2016 | |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

This is a medical malpractice claim based on the failure of the hospital staff to properly monitor Mr. Whitaker during his February 3, 2016 surgery. As a result of the negligence Mr. Whitaker, while under anesthesia suffered third degree burns to his right lower extremity. Then, while treating the burn the hospital staff negligently repositioned Mr. Whitaker on February 19, 2016 causing his recently operated hip to be dislocated requiring another surgery.

9.    PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

10.    PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Mr. Whitaker suffered third degree burns to his right lower extremity and a dislocation of his surgically repaired hip.

11.    WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| John D. Pitcher, M.D. | Miami VA 1201 NW 16th Street, Miami Fl 33125 |
| Juan Carlos Diaz, RN | Miami VA 1201 NW 16th Street Miami Fl 33125 |

12. (See instructions on reverse).    AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| | 5,000,000 | | 5,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *[signature]* ATTORNEY | 305 371 2692 | 1-19-17 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

| INSURANCE COVERAGE |
|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property. |

15. Do you carry accident Insurance?  ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes   ☐ No   | 17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.*

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

# EXHIBIT B

# DEPARTMENT OF VETERANS AFFAIRS
## Office of Chief Counsel

In Reply Refer to: GCL#331354

**January 24, 2017**

Manuel L. Dobrinsky, Esq.
Dolan Dobrinsky Rosenblum
2665 South Bayshore Dr.
Suite 609
Miami, FL 33133

RE: Administrative Tort Claim of Robert O. Whitaker

Dear Mr. Dobrinsky:

The U.S. Department of Veterans Affairs (VA), Office of Chief Counsel, received your client's Standard Form (SF) 95, *Claim for Damage, Injury, or Death*, on January 23, 2017. The claim seeks $5,000,000.00 in damages.

As you are aware, under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671-2680, VA has six months to consider a claim before you have the option to file suit on behalf of your client in U.S. District Court. 28 U.S.C. § 2675. We will make every effort to meet that goal while thoroughly investigating the claim.

Under 28 C.F.R. § 14.4 (copy attached), which implements the FTCA, we are requesting that you provide the following information to the investigator assigned as soon as possible unless previously provided:

    1. Copies of any non-VA medical records related to the alleged injury or injuries, if applicable.

    2. Copies of medical bills from non-VA providers related to the alleged injury or injuries, if applicable.

    3. Sources and amounts of income to include Social Security, retirement, pensions, VA benefits and copies of past federal income tax returns.

    4. If claiming any loss of time from employment, a written statement from the employer listing time off work and the wages lost because of the injury. If claiming a loss of self-employment, evidence of the earnings lost.

      5.    Any other information and documents that may support the claim, including a medical opinion, if obtained.

The investigator assigned to the claim is:

    Steve McCormack, Staff Attorney
    Office of Chief Counsel
    Southeast District South
    1201 N.W. 16th Street
    Miami, FL  33129-1693
    Telephone:  305-575-3260

Under 28 U.S.C. § 2678, attorney fees are limited to 20 percent of any award, compromise, or settlement of an administrative claim and to 25 percent of the recovery following the filing of a lawsuit.

A combination of Federal and state laws govern FTCA claims; some state laws may limit or bar a claim or lawsuit. VA legal staff handling FTCA claims work for the Federal government, and cannot provide legal advice on state or Federal law or on filing requirements.

If you have any questions or concerns, you may communicate directly with the investigator, who will be happy to assist. Thank you for your cooperation. We look forward to working with you to resolve your client's claim.

Sincerely,

*[signature]*

Sonya Barganier
Legal Assistant

Enclosure

**28 C.F.R. § 14.4 Administrative claims; evidence and information to be submitted.**

(a) *Death.* In support of a claim based on death, the claimant may be required to submit the following evidence or information:
(1) An authenticated death certificate or other competent evidence showing cause of death, date of death, and age of the decedent.
(2) Decedent's employment or occupation at time of death, including his monthly or yearly salary or earnings (if any), and the duration of his last employment or occupation.
(3) Full names, addresses, birth dates, kinship, and marital status of the decedent's survivors, including identification of those survivors who were dependent for support upon the decedent at the time of his death.
(4) Degree of support afforded by the decedent to each survivor dependent upon him for support at the time of his death.
(5) Decedent's general physical and mental condition before death.
(6) Itemized bills for medical and burial expenses incurred by reason of the incident causing death, or itemized receipts of payment for such expenses.
(7) If damages for pain and suffering prior to death are claimed, a physician's detailed statement specifying the injuries suffered, duration of pain and suffering, any drugs administered for pain, and the decedent's physical condition in the interval between injury and death.
(8) Any other evidence or information which may have a bearing on either the responsibility of the United States for the death or the damages claimed.

(b) *Personal injury.* In support of a claim for personal injury, including pain and suffering, the claimant may be required to submit the following evidence or information:
(1) A written report by his attending physician or dentist setting forth the nature and extent of the injury, nature and extent of treatment, any degree of temporary or permanent disability, the prognosis, period of hospitalization, and any diminished earning capacity. In addition, the claimant may be required to submit to a physical or mental examination by a physician employed by the agency or another Federal agency. A copy of the report of the examining physician shall be made available to the claimant upon the claimant's written request provided that he has, upon request, furnished the report referred to in the first sentence of this paragraph and has made or agrees to make available to the agency any other physician's reports previously or thereafter made of the physical or mental condition which is the subject matter of his claim.
(2) Itemized bills for medical, dental, and hospital expenses incurred, or itemized receipts of payment for such expenses.
(3) If the prognosis reveals the necessity for future treatment, a statement of expected expenses for such treatment.
(4) If a claim is made for loss of time from employment, a written statement from his employer showing actual time lost from employment, whether he is a full or part-time employee, and wages or salary actually lost.
(5) If a claim is made for loss of income and the claimant is self-employed, documentary evidence showing the amounts of earnings actually lost.
(6) Any other evidence or information which may have a bearing on either the responsibility of the United States for the personal injury or the damages claimed.

(c) *Property damage.* In support of a claim for injury to or loss of property, real or personal, the claimant may be required to submit the following evidence or information:
(1) Proof of ownership.
(2) A detailed statement of the amount claimed with respect to each item of property.
(3) An itemized receipt of payment for necessary repairs or itemized written estimates of the cost of such repairs.
(4) A statement listing date of purchase, purchase price and salvage value, where repair is not economical.
(5) Any other evidence or information which may have a bearing on either the responsibility of the United States for the injury to or loss of property or the damages claimed.